# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELISSA SUE FOLAND**

      **Plaintiff,**

v.                                                           **Case No: 6:22-cv-2363-DCI**

**KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying applications for a period of disability, Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). In a decision dated May 12, 2022, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, since November 30, 2015, through the date of the decision. R. 12.

Having considered the parties' memorandums and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

I.     **Issues on Appeal**

Claimant raises one issue on appeal: Whether the mental limitations set forth in the residual functional capacity are based on an adequate analysis of all medical opinions in the record. Doc. 23 at 19.

## II. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. Discussion

Claimant asserts that the RFC conflicts with the opinions of Dr. Coffman, Dr. MacKay, and Dr. Gates and that the ALJ did not properly assess those medical opinions. The Court finds that Claimant's argument relating to the ALJ's treatment of Dr. Coffman's opinion is dispositive of this case. Thus, there is no need here to address Claimant's arguments relating to Dr. MacKay and Dr. Gates. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining,

and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[1] The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed the claim after March 27, 2017,[2] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case. Under these provisions, the ALJ must apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the

---

[1] Here, in assessing the Claimant's RFC, the ALJ stated:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 1567(b) and 416.967(b) with these specific restrictions: in an eight-hour workday, she can stand/walk for four hours and sit for six hours; she an never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally stoop and balance (on uneven terrain); she can occasionally kneel, crouch, and crawl; she can tolerate occasional exposure to temperatures over ninety degrees Fahrenheit; she can tolerate no concentrated exposure to wetness, humidity, or vibration; she can have no exposure to unprotected heights or dangerous moving machinery; she can occasionally reach overhead; she can frequently reach in all other directions bilaterally; she is limited to simple, one to four step work tasks; she can have occasional interaction with the public, coworkers, and supervisors; she can a [sic] work environment in which changes in the work setting are introduced gradually.

R. 20.

[2] Claimant filed her claims on September 13, 2020. R. 15.

claimant;[3] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[4] In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec.*

---

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

[4] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

*Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

On November 23, 2020, Dr. Coffman performed a consultative examination of Claimant for purposes of developing a vocational rehabilitation plan. R. 631-46. Dr. Coffman administered a battery of psychological and psychoeducational tests. R. 632, 635-42. Dr. Coffman opined that Claimant met the criteria for PTSD with panic attacks, major depressive disorder, and borderline personality disorder. R. 644. She found Claimant had the following mental health limitations: (1) difficulty regulating emotions and/or tolerating stress; (2) difficulty with motivation; (3) avoidance of situations that cause stress/anxiety; (4) experiences significant distress (e.g., panic attacks, frequent crying); (5) at increased risk of hurting self/and or others; and (6) at increased risk for problematic substance use. R. 643. Dr. Coffman opined that Claimant required individual accommodation to perform work. T. 644. She further opined that Claimant "is likely to be able to obtain employment, but her interpersonal skills and symptoms related to her Borderline Personality Disorder are likely to create a significant barrier to maintaining competitive employment." R. 645.

In addressing Dr. Coffman's opinion, the ALJ stated the following:

Theodora Coffman, Ph.D., examined the claimant in November 2020. (Exhibit10-F; B-11F) She noted that the claimant has difficulty regulating emotions, is at increased risk for hurting herself or others, is at risk for problematic substance abuse, and requires individualized accommodation to perform work. (Exhibit B10F, pages 14 and 15) While the statements regarding "increased risk" are not opinions regarding functional limitation, the undersigned as limited the claimant's interaction with others. However, the opinion that claimant requires accommodation to work is not supported by Dr. Coffman's examination. Nor is the degree of mental limitation consistent with other evidence; the record indicates that the claimant's treatment for mental impairments has been relatively conservative in nature. No other source has identified the extreme degree of limitation indicated by Dr. Coffman. In addition, the claimant's ability to perform volunteer work once a week suggests a higher level of functioning than Dr.

>  Coffman describes. The undersigned has found Dr. Coffman's report to be not persuasive.

R. 22-23.

Claimant contends that the ALJ's "minimal analysis" finding that Dr. Coffman's opinion that Plaintiff requires individualized accommodation to perform work was not supported by her examination does not satisfy the ALJ's duty to consider the supportability of the opinion. Doc. 23 at 23. She further argues that the ALJ's finding with regard to consistency is not supported by substantial evidence. *Id.* at 25-27. The Commissioner responds that it was reasonable for the ALJ to find that Dr. Coffman did not support her opinions with sufficient findings. Doc. 24 at 12.

The Court agrees with Claimant that the ALJ's analysis of the supportability of Dr. Coffman's opinion is insufficient. The ALJ's analysis of the supportability factor in its entirety is: "the opinion that claimant requires accommodation to work is not supported by Dr. Coffman's examination." R. 23. The ALJ did not link any evidence, such as specific test results or other findings in Dr. MacKay's evaluation, that contradict her opinion. *McDaniel v. Comm'r of Soc. Sec.*, 2022 WL 11348279, at *5 (M.D. Fla. July 5, 2022) (remanding for failure to articulate consideration of the supportability factor because "the exhibits the ALJ references are from other medical sources—the ALJ nowhere explains how [the examiner's] own treatment and examination notes fail to support his opinions"); *Mayfield v. Comm'r of Soc. Sec. Admin*, 2021 WL 5300925, *5 (N.D. Alabama November 15, 2021) (remanding where even if ALJ sufficiently addressed consistency of opinions, she failed to explain how she considered the supportability of the opinions). The Court, therefore, is unable to conduct a meaningful review. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable [the court] to conduct meaningful review."); *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (noting that when evaluating medical

opinions under the new Regulations, the ALJ must "*explain* his decision, particularly with respect to supportability and consistency") (citation omitted).  "Conclusory statements about consistency and supportability are insufficient to show that substantial evidence supports the ALJ's decision." *Battie v. Kijakazi*, 2022 WL 4000728, at *6 (S.D. Fla. Aug. 9, 2022) (citing *Pierson v. Comm'r of Soc Sec.*, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted by* 2020 WL 1955341)); 2020 C.F.R. 404.1520c(b)(2) and 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions ...").

Accordingly, the Court finds that this matter is to be remanded for further proceedings. Since this issue is dispositive, the Court finds that there is no need to address Claimant's remaining arguments relating to Dr. MacKay and Dr. Gates.  See *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

### IV.   Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **Remanded** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

**ORDERED** in Orlando, Florida on November 13, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE